## In re BRUNSING, TOLLE & POSTEL.

(District Court, N. D. California. April 3, 1909.)

No. 5,526.

BANKRUPTCY (§ 345*)—DEBTS ENTITLED TO PREFERENCE—TRUST FUNDS.

A trust creditor of a bankrupt is not entitled to a preference over general creditors merely because of the character of his claim; but he must show that the trust fund or property into which it was converted came into the hands of the trustee in bankruptcy, although the specific property need not be identified.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 539; Dec. Dig. § 345.*]

In Bankruptcy. On certificate of referee.

Jellet & Meyerstein, Wm. M. Cannon, and Vogelsang & Brown, for creditors.

Samuel Rosenheim, for bankrupt.

DE HAVEN, District Judge. This is a proceeding to review an order of the referee directing that the sum of $265.65 should be paid in full to one John S. Petterson in advance of dividends to other creditors. The referee found, as appears from his certificate, that Petterson was employed by the bankrupt corporation as a collector, and "that as security for the faithful performance of his duty he deposited with said corporation, on the day of his employment, the sum of $500," all of which was repaid except the sum of $265.65. The referee further finds:

"The sum of $500.00, originally deposited as herein set forth, was probably deposited by said corporation with the San Francisco National Bank to its general credit, as the books of the corporation disclose the fact that the sum of $525 was so deposited on the day the petitioner gave his money to the corporation. Against its general account with said bank the corporation drew checks in payment of merchandise and for other purposes. The merchandise so paid for was commingled with the general stock carried by said corporation. In September, 1907, the corporation was placed in charge of its creditors, and at that time a small amount of money, viz., less than $25, and no more, was found in the possession of the corporation."

The evidence upon which the referee acted is not before the court, and the petition for review was argued upon the assumption that the certificate of the referee contained a full and correct statement of the facts. It will be observed that the referee does not find, specifically, that the bankrupt used $265.65 of Petterson's deposit to pay for merchandise which went into the general stock of merchandise carried by the bankrupt; nor is there any finding that such merchandise, or its proceeds, came into the hands of the trustee. The deposit, constituting the trust fund, is not, by the findings of the referee, sufficiently traced as part of the assets of the bankrupt estate. The rule applicable in cases like this is thus stated by Gilbert, J., in Spokane County v. National Bank, 68 Fed. 979, 16 C. C. A. 81:

"Both the settled principles of equity and the weight of authority sustain the view that the plaintiff's right to establish his trust and recover his fund

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

must depend upon his ability to prove that his property is in its original or a substituted form in the hand of the defendant."

In other words, the depositor is not entitled to an equitable lien upon the entire mass of the estate of the bankrupt, but only upon that portion of it into which his deposit can be traced. In the well-considered case of Cavin v. Gleason, 105 N. Y. 257, 11 N. E. 506, the court said:

"It is clear, we think, that upon an accounting in bankruptcy or insolvency a trust creditor is not entitled to a preference over general creditors of the insolvent merely on the ground of the nature of his claim; that is, that he is a trust creditor, as distinguished from a general creditor. We know of no authority for such a contention. The equitable doctrine that as between creditors equality is equity admits, so far as we know, of no exception founded on the greater supposed sacredness of one debt, or that it arose out of a violation of duty, or that its loss involves greater apparent hardship in one case than another, unless it appears in addition that there is some specific recognized equity founded on some agreement, or the relation of the debt to the assigned property, which entitled the claimant, according to equitable principles, to the preferential payment."

I do not understand that the Supreme Court, in Peters v. Bain, 133 U. S. 670, 10 Sup. Ct. 354, 33 L. Ed. 696, announced any different rule. Of course, under this rule, it was not incumbent on the depositor, in the present case, to show that the identical merchandise purchased with his money passed into the hands of the trustee. If such merchandise was commingled with the bankrupt's general stock, and this general stock or the proceeds arising from the sale thereof, whether money, credits, or other property, can be shown to form a part of the assets of the bankrupt estate, the depositor would be entitled to an equitable preference in the distribution of such estate. In the case of Cavin v. Gleason, 105 N. Y. 256, 11 N. E. 504, above cited, the court, after stating that "it is the general rule, as well in a court of equity as in a court of law, that in order to follow trust funds and subject them to the operation of the trust they must be identified," proceeded to say:

"A court of equity, in pursuing the inquiry and in administering relief, is less hampered by technical difficulties than a court of law, and it may be sufficient, to entitle a party to equitable preference in the distribution of a fund in insolvency, that it appears that the fund or property of the insolvent remaining for distribution includes the proceeds of the trust estate, although it may be impossible to point out the precise thing in which the trust fund has been invested, or the precise time when the conversion took place. The authorities require at least this degree of distinctness in the proof before preference can be awarded."

The order of the referee is reversed, with directions to find from the evidence already taken, and such additional evidence as may be offered, whether the deposit of Petterson, either in its original or substituted form, is or is not a part of the assets of the bankrupt, under the rule stated in this opinion.